**STATE of Missouri, Respondent,**

v.

**Anthony WASHINGTON, Appellant.**

**No. ED 89695.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 13, 2008.

Gwenda R. Robinson, Public Defender, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Anna L. Bunch, Asst. Attorney General, Jefferson City, MO, for respondent.

Before KATHIANNE KNAUP CRANE, P.J., and ROBERT G. DOWD, JR. and KENNETH M. ROMINES, JJ.

## ORDER

PER CURIAM.

Anthony Washington ("Defendant") appeals from the judgment upon his conviction of two counts of first-degree robbery, Section 569.020, RSMo 2000,[1] two counts of

---

1. All further references are to RSMo 2000 unless otherwise indicated.

armed criminal action, Section 571.015, one count of first-degree trespassing, Section 569.140, and one count of resisting or interfering with arrest, detention, or stop, Section 575.150. Defendant argues the trial court clearly erred in overruling his motion to suppress and in admitting evidence of the identifications of Defendant because the show-up identification procedures were suggestive and created a substantial likelihood Defendant was misidentified. Defendant also contends the trial court clearly erred in overruling his motions for acquittal at the close of the State's evidence and at the close of all evidence because the State failed to adequately prove Defendant unlawfully entered the vacant building at 1939 S. Vandeventer and the evidence was insufficient to support Defendant's conviction for two counts of armed criminal action. Finally, Defendant maintains the trial court plainly erred in finding Defendant to be a persistent felony offender under Section 558.016.

We have reviewed the briefs of the parties and the record on appeal and find the claim of error to be without merit. An opinion reciting the detailed facts and restating principles of law would have no precedential value. However, the parties have been furnished with a memorandum for their information only, setting forth the reasons for this order. The judgment is affirmed in accordance with Rule 30.25(b).